JS - 6

UNITED  STATES  DISTRICT  COURT

FOR  THE EASTERN DISTRICT  OF  CALIFORNIA

| | |
|---|---|
| **Robert S. Woods,** an individual, | CASE NO. S CIV 08-2453 DOC |
| **Plaintiff(s),** | |
| v. | **O R D E R DISMISSING ACTION** |
| **Geneva Palmer, et al.,** in their individual and official capacities, | |
| **Defendant(s).** | |

   Robert Woods ("Plaintiff") is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint does not make the showing required by 28 U.S.C. § 1915A. Accordingly, Plaintiff's complaint is dismissed with prejudice under 28 U.S.C. § 1915A.

**I. LEGAL STANDARD**

   Under 28 U.S.C. § 1915A, this Court must "review, before docketing... or ... as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  "On review, the court [must] identify cognizable claims or dismiss... any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).  This Court must therefore determine whether the Complaint states a cognizable claim for relief with respect to each named defendant.

1      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v.*
2  *Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The
3  court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal
4  theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  The critical
5  inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual
6  basis.  *See Jackson v. Arizon*a, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.
7      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only a 'short and plain statement
8  of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
9  what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp v. Twombly*, 127 S.Ct.
10 1955, 1964 (2007)(*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  However, in order to survive a
11 dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the
12 elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief
13 above the speculative level."  *Bell Atlantic*, 127 S.Ct. at 1965.  In reviewing a complaint under this
14 standard, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co.*
15 *v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to
16 the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421
17 (1969).
18      The Civil Rights Act under which this action was filed provides as follows:
19      Every person who, under color of [state law] ... subjects, or causes to be
20      subjected, any citizen of the United States ... to the deprivation of any
21      rights, privileges, or immunities secured by the Constitution ... shall be
22      liable to the party injured in an action at law, suit in equity, or other proper
23      proceeding for redress.
24 42 U.S.C. §1983.  The statute requires that there be an actual connection or link between the actions of the
25 defendants and the deprivation alleged to have been suffered by plaintiff.  *See Monell v. Dept. of Social*
26 *Servs*., 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. (1976).  "A person 'subjects' another to the
27 deprivation of a constitutional right, within the meaning of 1983, if he does an affirmatives act,
28 participates in another's affirmative acts or omits to perform an act which he is legally required to do that

2

1  causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

2  Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their
3  employees under a theory of respondeat superior and, therefore, when a named defendant holds a
4  supervisorial position, the causal link between him and the claimed constitutional violation must be
5  specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d
6  438, 441 (9th Cir. 1978). Finally, vague and conclusory allegations concerning the involvement of
7  official personnel in civil rights violations are not sufficient. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268
8  (9th Cir. 1982).

## II. DISCUSSION

Plaintiff is currently incarcerated at the California State Prison in Sacramento, California ("SSP"). Plaintiff has been in prison for 33 years and his last two parole hearings resulted in denial of parole. Plaintiff argues that his denial occurred because of a false psychiatric report relied upon by the Parole Board. Plaintiff seeks (1) an injunction for a new parole hearing without the use of the psychiatric report, (2) $1,000,000 in compensatory damages, and (3) $1,000,000 in punitive damages.

Plaintiff sues Susan Hubbard, Director of the California Department of Corrections and Rehabilitation; Michael Jaffe, M.D., Supervisor of the Clinical Psychologists and Psychiatrists at SSP; Jasmine Tehrani, Ph.D., Senior Psychologist Board of Parole Hearings; Geneval Palmer, Psy.D., Clinical Psychologist and author of the July 2006 Psychosocial Assessment Report; Kenneth Carter, Deputy Commisioner of the Board of Prison Terms at Plaintiff's 2006 parole hearing; Dennis Smith, Deputy Commissioner of the Board of Prison Terms at Plaintiff's 2008 parole hearing; Arthur Anderson, Jr., Commissioner of the Board of Prison Terms at Plaintiff's 2008 parole hearing; P. Van Cor, Health Care Analyst at SSP and Supervisor of the Medical and Psychiatric Department; I. O'Brien, Appeals Coordinator at SSP; and the State of California.

"When prison inmates seek only equitable relief in challenging aspects of their parole review that, so long as they prevail, could potentially affect the duration of their confinement, such relief is available under the federal habeas statute. Whether such relief is also available under § 1983 depends on the application of *Heck's* [*Heck v. Humphry,* 512 U.S. 477, 483-87 (1994)] favorable termination rule...." *Docken v. Chase*, 393 F.3d 1024, 1031 (9th Cir. 2004). The favorable termination rule states

1  that where a § 1983 action seeking damages alleges constitutional violations that would necessarily
2  imply the invalidity of the conviction or sentence, the prisoner must establish that the underlying
3  sentence or conviction has been invalidated on appeal, by a habeas petition, or through some similar
4  proceeding. *See Heck,* 512 U.S. at 483-87. If the § 1983 action implicates the validity of an underlying
5  conviction or disciplinary sanction, this principle applies regardless of the form of remedy sought. *See*
6  *Edwards v. Balisok,* 520 U.S. 641, 646-48 (1997); *See also Wilkinson v. Dotson*, 544 U.S. 74, 81-82
7  (2005) (explaining that "a state prisoner's § 1983 action is barred (absent prior invalidation)- no matter
8  the relief sought (damages or equitable relief), no matter the target of the prisoner's suit []- *if* success in
9  that action would necessarily demonstrate the invalidity of confinement or its duration.").

10    § 1983 claims are also not cognizable when they rely on "'deceit and bias' on the part of the
11  [parole] decision makers, and imply the invalidity of the [prisoner's] confinement insofar as [the
12  prisoner's] prolonged incarcerations [we]re due to the purported bias of state officials." *McQuillin v.*
13  *Schwarzenegger*, 369 F.3d 1091, 1097-99 (9th Cir. 2004).

14    Plaintiff has not stated a cognizable claim. As Plaintiff's complaint requests damages and
15  injunctive relief due to his continued confinement and denial of parole, his complaint is barred under §
16  1983. Plaintiff has failed to establish that his underlying sentence or conviction has been invalidated
17  through any proceeding. Therefore, his complaint for damages and injunctive relief can only be alleged
18  pursuant to the federal habeas statute, 28 U.S.C. § 2254. Additionally, as Plaintiff claims the parole
19  board has been biased by an allegedly false psychiatric report and that his confinement has been
20  prolonged as a result of that bias, his claim is not cognizable. Consequently, Plaintiff's claims are barred
21  under § 1983.

## III. DISPOSITION

23   In accordance with the above, IT IS HEREBY ORDERED that Plaintiff's request for relief is
24  DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915.

25  DATED: June 9, 2009

*/s/ David O. Carter*
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

4

1  Sitting by Designation
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28